## ATCHISON, T. & S.. F. RY. CO. v. LEVICK *et al.*

No. 4586.   Opinion Filed June 30, 1913.

Rehearing Denied September 9, 1913.

(134 Pac. 874.)

1.    RAILROADS—Order of Corporation Commission — Review—
      Sufficiency of Evidence. Evidence examined and held that the
      presumption that an order requiring appellant to remove its
      station from its present location north of the platted part of
      the town of R. to a point south of Main Street to be agreed
      upon by appellant and the citizens of the town, and, upon
      their failure to agree, by the Corporation Commission, and
      requiring appellant to builld a house track not less than 600
      feet long, is **prima facie** just, reasonable, and correct has not
      been overcome.

2.    SAME—Evidence. In determining the question of whether an
      order of the Corporation Commission presumed to be **prima
      facie** just, reasonable, and correct is overcome by the evidence,
      an affidavit filed before the commission in support of a mo-
      tion for a new trial cannot be considered by us, as the same
      was not in evidence before the commission, and hence the
      facts therein alleged did not enter into the facts upon which
      the order appealed from was based.

(Syllabus by the Court.)

*Appeal from the State Corporation Commission.*

Proceedings before the Corporation Commission by A'.
Levick and others against the Atchison, Topeka & Santa Fe
Railway Company.   From an order of the Commission, the
Railway Company appeals.   Affirmed.

Cottingham & Bledsoe, for appellant.'

Chas. West, Atty. Gen. and Chas. L. Moore, Asst. Atty.
Gen., for appellee.

TURNER, J.  From order No. 633 of the Corporation
Commission, directed to be in full force and effect, and after
October 1, 1912, requiring it to remove its station at Ralston,
Okla., from its present location north of the platted part of

said town to a point south of Main street to be agreed upon by the company and citizens of said town, and, upon their being unable so to do, by the commission, and requiring it to build a house track not less than 600 feet long, A., T. & S. F. Ry. Co., appellant, brings the case here.

The question for us to determine is whether the presumption that the order is *prima facie* just, reasonable, and correct has been overcome; if not, the order must stand. All facts upon which the order is based, certified to us by the commission (as required by Const. art. 9, sec. 22), disclose that the complaint herein was filed with the commission by the mayor and eighty other citizens of the town of Ralston, and asked that appellant be required to move its depot, located about one-half mile north of Eagle creek, and relocate the same in said town, which is south of the creek, contains about 800 people, and is situate immediately west of the Arkansas river; that said town has a good system of waterworks, the business portion of it is built of brick, and has two banks and several good business houses; that at the time appellant's road was being built, some seven years ago, one Coyle and another Guss of Guthrie, Okla., acting as appellant's right of way agents, met the citizens of the town and agreed that, if they would donate certain right of way and pay $5,000 and give them 65 per cent. of vacant lots in the town, which was done, appellant would locate the depot within 600 feet of the township line; that at that time the citizens were led to believe that such location would place the depot at a point near Main street, but soon thereafter discovered that the agreement did not cover the direction from the township line, and that, instead of locating the depot that distance south of said line, the same was located north of it, at which time said agents laid off 80 acres thereabouts, and had a town lot sale, upon which was built, north of Eagle creek, two elevators, a cotton gin, and one residence, used as a farm house; that from the depot as now located it is about two miles north to the Arkansas river, and all the territory be-

tween Eagle creek and said stream is river bottom, subject to overflow; that there is no way to reach the depot from any place south of Eagle creek other than to pass through the town; that to reach the depot by wagon it is necessary to go west on Main to Third street, thence north to the township line, thence northeasterly across a bridge on the creek to the depot, a distance of about 100 yards less than half a mile; that there is a ford between said bridge and the railroad bridge, which can only be used in dry weather, and pedestrians must use one of the two bridges in going north to the depot; that a wagon bridge spans the Arkansas between Pawnee and Osage counties about half a mile south of where said creek empties into said river, and all crossing it must reach the depot by going through the town and crossing said bridge over Eagle creek.

The record further discloses that when said depot was first built, there being no way to reach it, appellant built said wagon bridge, located partly on the township line, and afterwards acquired title to the land upon which it was located; that thereupon appellant entered into a contract with the county commissioners to maintain the same, which they did not do, for the reason that, in their opinion, they could not legally expend the county funds so to do; that, complaint being filed before the commission that the same was out of repair, the matter of repairing the same was finally adjusted by appellant furnishing the material to reconstruct the bridge, and by deeding to the county the land upon which it was located, whereupon the county commissioners rebuilt the same, and the same is now being maintained by the county.

The evidence further discloses that the people, old and young, go daily to the depot by crossing the railroad bridge, some 228 feet long, and that accidents have been narrowly averted by some of them jumping from the bridge to the ground, to keep from being run over by appellant's trains, and that they take the hazard of crossing the bridge rather than go around by way of said wagon bridge over the creek. The

record further discloses that, if the depot was, pursuant to order, located near the junction of Main street and the railroad, it would be within a block of the main business portion of the town; that passengers could reach it from their homes by walking, whereas it is now necessary to pay 25 cents for a round trip to the depot as located, and that goods must be hauled a half mile, and that on an average twenty people a day go there. While appellant's superintendent testified that it would cost $22,000 to move the depot and all the railroad facilities to the proposed new location, the commission was unable, and so are we, to ascertain how he arrived at that conclusion.

The record further discloses that the station is one of small size and can be moved on a flat car to the new location for $300; that the old platform might be removed or a new one built for a like sum, and that the house track, 600 feet long, could be moved for $250, and that there is no necessity at present for moving the passing tracks nor industry tracks. The original cost of said depot and platform was $3,200. W. K. Etter, division superintendent of appellant, testified that, in his opinion, there was not room enough south of Eagle creek upon which to locate its present facilities; that appellant does not want to move the depot without moving all of the facilities, principally on account of hazard of operation; that it was necessary that the passing track, where the order board is located, be in sight of the station, so that appellant may control the movement of its trains and prevent accidents; that if the depot is removed some of the facilities would be an entire loss, such as the brick platform, and grade for the side track; that appellant's right of way was only 100 feet wide south of Eagle creek, divided 50 feet on each side of the main line, and removal would require the extreme south end of the passing track to be placed 4,000 feet south of said creek, and, in order to construct adequate facilities, appellant would have to have fifteen acres additional land and a strip 150 feet on each side of the right of

way south of Main street for a depot, industry and house track, and perhaps additional land on the west side for a passing track; that considerable grading would be required; that a cut just south of town would have to be taken out, and a curve necessitated that would be so close to the station as to make operation hazardous; that, if appellant's work is carried on south of the creek, it would block the streets more or less, and that the town had but two crossings located on Main and Lincoln streets, just two blocks south. After testifying that appellant was a foreign corporation, he further said:

"That he estimated the cost of moving the depot, cotton platform, closet, and section house, $2,037.23. That 200 feet of house track would not be sufficient. That it cost about $1,000 to build 600 feet of side track, if the grading was not heavy. To move the depot and put in a house track would cost approximately $3,000. Depot is 24 feet wide, and sets 21 feet from the track. That the company should also have ten feet for platform, and about fifteen for a house track. Room would also be needed for teams to drive up to the track and turn around."

Thus it will be seen that appellant is contesting this order as unreasonable, which it admits will cost but $3,000 to execute, on the alleged ground that it "does not want to move the depot without moving all" of its facilities "principally on account of hazard of operation," but really upon the ground of expense, for it says to move all of said facilities would cost some $22,000, for which, it says, there is no room on its right of way. The evidence shows that the original location of this depot was an injustice to the people of Ralston in view of the physical facts. That a corporation as powerful as appellant could not originally secure a desirable location for its depot and facilities in the town and south of Eagle creek we decline to believe. But that it took the bonus of $5,000 and more from these people impliedly to do so, and then refused and located it as now in the interest of certain designing men to the detriment of the patronizing public,

we do believe. It will not do to say that at this time additional ground will be required upon which to locate its depot and facilities, should the order be sustained. This for the reason that, as it has not been made to appear satisfactorily to us that the depot and house track ordered relocated cannot be placed on 50 feet or on one or opposite sides of appellant's right of way, the presumption attending the order has not been overcome.

In so holding, we are not unmindful of the affidavit of Etter in support of appellant's motion for a new trial. But we cannot consider it, for the reason that the same was not in evidence before the commission, and hence the facts therein set forth did not enter into the facts upon which the order appealed from was based.

Appellant having failed to overcome the presumption that said order is *prima facie* just, reasonable, and correct, the same is affirmed.

HAYES, C. J., and KANE, J., concur; WILLIAMS and DUNN, JJ., absent and not participating.